UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

**MELISSA TAYLOR,
ALICIA RADER, LORA JARVIS,
DYLAN JARVIS, and ARANDA JARVIS,**

      **Plaintiffs,**

v.                                        Civil Action No:__2:17-cv-03508__
                                                  (Judge_____)

**BOB EVANS FARMS, LLC**,

      **Defendant.**

## COMPLAINT

Plaintiffs allege and say as follows:

1. That this is an action brought by the Plaintiffs to recover damages due and owing under Federal law known as the Fair Labor Standards Act for failure to pay appropriate wages as required by law. The plaintiffs seek money damages for wages that were not paid as required by 29 U.S.C. 207, Fair Labor Standards Act (Maximum hours), liquidated damages equal to the amount owed, costs, injunctive relief, attorneys' fees and other relief as a result of Defendant's commonly applied policy and practice of not paying overtime in violation of federal and state wage and hour laws.

2. That in addition to the individual action brought by the plaintiff this is a proposed collective action under 29 U.S.C. §216(b), for money damages, liquidated damages equal to the amount owed, costs, injunctive relief and attorneys' fees and other relief as a result of Defendant's commonly applied policy and practice

of designating Plaintiff and other similarly situated employees who were not paid overtime in violation of federal wage and hour laws.

3. Plaintiff sues on behalf of themselves and those members of the above-defined class who have filed or will file with the Court their consents to sue. This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an "opt-in class action." Plaintiff and the putative class are similarly situated in that they are all subject to Defendants common plan or practice of not paying overtime wage and other violations of said Act.

4. That the plaintiff, Melissa Taylor at all times material hereto was a citizen and resident of Kanawha County, West Virginia and was employed by Bob Evans Farms, LLC.

5. That the plaintiff, Dylan Jarvis at all times material hereto, was a citizen and resident of Roane County, West Virginia and was employed by Bob Evans Farms, LLC.

6. That the plaintiff, Aranda Jarvis at all times material hereto, was a citizen and resident of Roane County, West Virginia and was employed by Bob Evans Farms, LLC.

7. That the plaintiff, Lora Jarvis at all times material hereto, was a citizen and resident of Roane County, West Virginia and was employed by Bob Evans Farms, LLC.

8. That the plaintiff, Alicia Rader at all times material hereto, was a citizen and resident of Roane County, West Virginia and was employed by Bob Evans Farms, LLC.

9. That at all times alleged herein, the defendant, Bob Evans Farms, LLC, was an Ohio corporation and is qualified to do business and is doing business in Southern District of West Virginia, and further, Bob Evans Farms, LLC operates a place of business known as the Elkview store, in Kanawha County, West Virginia and is within the jurisdiction of this Court. Further, the defendant, Bob Evans Farms, LLC is an employer engaged in interstate commerce as that term is defined under the Fair Labor Standards Act.

10. The United States District Court for the Southern District of West Virginia has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because it raises questions under the Federal Fair Labor Standards Act, 29 U.S.C. § 216(b).

11. The venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(c) because the Defendant may be found in this district and the challenged conduct occurred in West Virginia.

12. That the Defendant was fully aware of the exact duties and responsibilities assigned to Plaintiff and knew or should have known that it was therefore illegally not paying employees to work "off the clock".

13. That during these times, Defendant was also fully aware of the law regarding the payment of wages for hours worked.

14. Despite this knowledge Defendant willfully, and or negligently, failed and refused to correct its illegal actions of having employees work "off the clock".

15. That in addition, during this time the Plaintiffs frequently worked more than 40 hours each week, but, despite their non-exempt job duties, they were never paid wages for hours actually worked in excess of 40 hours per week.

16. That the plaintiff, Dylan Jarvis, began employment with the defendant, Bob Evans Farms, LLC on July 1, 2015, and was continuously employed thereafter until plaintiff Dylan Jarvis's employment was terminated on November 1, 2015.

17. That the plaintiff, Aranda Jarvis, began employment with the defendant, Bob Evans Farms, LLC on June 1, 2013, and was continuously employed thereafter until plaintiff Aranda Jarvis's employment was terminated on August 1, 2016.

18. That the plaintiff, Lora Jarvis, began employment with the defendant, Bob Evans Farms, LLC on November 1, 2012, and was continuously employed thereafter until plaintiff Lora Jarvis's employment was terminated on August 1, 2016.

19. That the plaintiff, Alicia Rader, began employment with the defendant, Bob Evans Farms, LLC on March 1, 2014, and was continuously employed thereafter until plaintiff Alicia Rader's employment was terminated on August 1, 2016.

20. That the plaintiff, Melissa Taylor, began employment with the defendant, Bob Evans Farms, LLC on March 1, 2014, and was continuously employed thereafter until plaintiff Melissa Taylor's employment was terminated on June 23, 2016.

21. That without limitation the defendant would make the following specific wage and hour violations.
    a. The defendant would inform the wait staff that they could only work so many hours on the clock. That the servers were informed that the defendant required tasks to be performed outside of the serving duties such as without limitation utensil preparation and that for these duties the servers would only receive minimum wage. Servers were told that that could use all of their hours serving the public and receive tips if they would

        provide the not service work "off the clock". As a result, servers were required to work "off the clock" to obtain full service related hours.

    b. That some employees assisted in the kitchen. These employees were told that in order to retain their jobs that they would need to put in work "off the clock".

22. That the defendant, Bob Evans Farms, LLC in violation of Federal law failed to pay plaintiff wages and benefits due and owing, which were earned by said plaintiff.

23. That the plaintiff's Lora Jarvis and Alicia Rader were servers for the defendant, Bob Evans Farms and in that position, they received Tips.

24. That pursuant to West Virginia Code § 21-5C-4 prior to January 1, 2015, in determining whether an employer is paying an employee wages and overtime compensation as provided in sections two and three of this article, there shall be provided in accordance with the regulations which shall be promulgated by the commissioner a credit to the employer of twenty percent of the hourly rate of the amount paid an employee customarily receiving gratuities, *Provided,* That after December 31, 2014, in determining whether an employer is paying an employee wages and overtime compensation as provided in sections two and three of this article, there shall be provided in accordance with the legislative rules proposed for promulgation by the commissioner a credit to the employer of seventy percent of the hourly rate of the amount paid an employee customarily receiving gratuities.

25. That the defendant, Bob Evans Farms did not pay to its waitresses the minimum wage due under West Virginia Law.

## COUNT ONE

### INDIVIDUAL CLAIM FOR VIOLATION OF THE
### FAIR LABOR STANDARDS ACT

26. That the preceding paragraphs are re-alleged as if restated herein.

27. Based on the foregoing, Defendant's conduct in this regard was a violation of the Federal Fair Labor Standards Act and entitles Plaintiffs to compensation for all hours in which they were not paid minimum wage, overtime hours worked, liquidated damages, attorneys' fees, and court costs.

## COUNT TWO

### COLLECTIVE ACTION CLAIM FOR
### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON
### BEHALF OF PLAINTIFF AND ALL OTHER SIMILARLY
### SITUATED EMPLOYEES, CURRENT OR FORMER

28. That the preceding paragraphs are re-alleged as if restated herein.

29. Based on the foregoing, Defendant's conduct in this regard was a violation of the Federal Fair Labor Standards Act and entitles Plaintiffs and those similarly situated to compensation for all hours in which they were not paid minimum wage, overtime hours worked, liquidated damages, attorneys' fees, and court costs.

**WHEREFORE**, the plaintiff demands:

a. Judgment against the defendants for an amount equal to loss of all wages, plus interest;

b. Liquidated damages;

c. Attorney fees and costs; and

d. Such further equitable and legal relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

<u>**MELISSA TAYLOR ET AL**</u>
**By Counsel**

*/s/ J. Michael Ranson*
_____
**J. Michael Ranson, WVSB #3017**
**Cynthia M. Ranson, WVSB #4983**
Ranson Law Offices, PLLC
Post Office Box 3589
Charleston, West Virginia 25336-3589
(304) 345-1990
jmr@ransonlaw.com
cmr@ransonlaw.com

**G. Patrick Jacobs, WVSB #1867**
JACOBS LAW OFFICE
7020 MacCorkle Avenue, SE
Charleston, WV 25304
(304) 926-6676
pjacobs@bjblaw.com

**Counsel for plaintiff**