## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter the "Agreement") is made and entered into by and between Aranda Jarvis, Lora Jarvis, Dylan Jarvis, Alicia Rader, Melissa Taylor (collectively "Plaintiffs") and Bob Evans Farms, LLC (hereinafter the "Company").

1.     <u>Settlement Amount.</u>  In consideration of the promises made by Plaintiffs as set forth below, the Company shall pay Plaintiffs Twenty-Seven Thousand Nine Hundred Sixty Dollars and Ninety-Nine Cents ($27,960.99) (the "Settlement Amount") as follows:

    1.1.     Deliver to Aranda Jarvis, in care of her attorneys, a check made payable to "Aranda Jarvis" in the gross amount of $2,346.50, as alleged lost wages, which amount shall be subject to standard withholding for taxes and shall be reflected on an IRS Form W-2 issued to Aranda Jarvis.

    1.2.     Deliver to Aranda Jarvis, in care of her attorneys, a check made payable to "Aranda Jarvis" in the gross amount of $2,346.50, as alleged liquidated damages, which amount shall be shall be reflected on an IRS Form 1099 issued to Aranda Jarvis.

    1.3.     Deliver to Lora Jarvis, in care of her attorneys, a check made payable to "Lora Jarvis" in the gross amount of $2,113.25, as alleged lost wages, which amount shall be subject to standard withholding for taxes and shall be reflected on an IRS Form W-2 issued to Lora Jarvis.

    1.4.     Deliver to Lora Jarvis, in care of her attorneys, a check made payable to "Lora Jarvis" in the gross amount of $2,113.25, as alleged liquidated damages, which amount shall be shall be reflected on an IRS Form 1099 issued to Lora Jarvis.

    1.5.     Deliver to Dylan Jarvis, in care of his attorneys, a check made payable to "Dylan Jarvis" in the gross amount of $384.00, as alleged lost wages, which amount shall be subject to standard withholding for taxes and shall be reflected on an IRS Form W-2 issued to Dylan Jarvis.

    1.6.     Deliver to Dylan Jarvis, in care of his attorneys, a check made payable "Dylan Jarvis" in the gross amount of $384.00, as alleged liquidated damages, which amount shall be reflected on an IRS Form 1099 issued to Dylan Jarvis.

    1.7.     Deliver to Alicia Rader, in care of her attorneys, a check made payable to "Alicia Rader" in the gross amount of $1,674.25, as alleged lost wages, which amount shall be subject to standard withholding for taxes and shall be reflected on an IRS Form W-2 issued to Alicia Rader.

    1.8.     Deliver to Alicia Rader, in care of her attorneys, a check made payable to "Alicia Rader" in the gross amount of $1,674.25, as alleged liquidated damages, which amount shall be reflected on an IRS Form 1099 issued to Alicia Rader.

1.9.    Deliver to Melissa Taylor, in care of her attorneys, a check made payable to "Melissa Taylor" in the gross amount of $2,395.75, as alleged lost wages, which amount shall be subject to standard withholding for taxes and shall be reflected on an IRS Form W-2 issued to Melissa Taylor.

1.10.    Deliver to Melissa Taylor, in care of her attorneys, a check made payable to "Melissa Taylor" in the gross amount of $2,395.75, as alleged liquidated damages, which amount shall be reflected on an IRS Form 1099 issued to Melissa Taylor.

1.11.    Deliver to Plaintiffs' attorney a check made payable to "Ranson Law Offices" in the amount of $10,143.49 (which includes all costs), which amount will be reported on an IRS Form 1099 issued to Ranson Law Offices.  The amount, divided in equal fifths, will also be reported on separate IRS Form 1099s to Aranda Jarvis, Lora Jarvis, Dylan Jarvis, Alicia Rader, and Melissa Taylor.

1.12.    All checks will be delivered within twenty (20) days from the receipt by the Company of a fully executed copy of this Agreement provided that the following conditions have been satisfied:  (a) Plaintiffs' counsel has provided proof that they have in their possession a signed original Agreement to Adam Rocco, Counsel for Defendants, 52 East Gay Street, Columbus, OH  43215; (b) the Court has granted Plaintiffs' motion for approval, as set forth in Paragraph 2; (c) Plaintiffs have each provided an IRS Form W-9 to Defendant's counsel; and (d) Plaintiffs' attorneys have provided IRS Form W-9s to Defendants' counsel.

1.13.    Plaintiffs agree to defend, indemnify, and hold the Company harmless from any taxes, penalties, interest, and/or fines assessed by any taxing authority against the Company as a result of the payments of the Settlement Amount to Plaintiffs set forth above.

1.14.    The Parties agree that the terms and conditions of this Agreement shall be subject to the review and approval of the U.S. District Court, Southern District of West Virginia.

2.    <u>Withdrawal of any pending actions with prejudice</u>.  Prior to payment of the Settlement Amount set forth in Paragraph 1, Plaintiffs agree to file a motion requesting approval of the settlement agreement and dismissal of the litigation styled *Melissa Taylor, et al. v. Bob Evans Farms, LLC*, U.S. District Court, Southern District of West Virginia, 2:17-cv-03508 (the "Litigation") with prejudice.  Plaintiffs represent that they know of no other actions at law or in equity, nor of any administrative proceedings or complaints, currently pending or filed that relate to their employment with, or separation from employment with the Company. If any such actions, complaints, or proceedings are currently pending, Plaintiffs expressly agree to dismiss them with prejudice.

3.    <u>Release in Full of All Claims By Plaintiffs</u>.  Plaintiffs for themselves, their heirs, personal representatives, successors and assigns, do hereby release and forever discharge the Company, including its parent and affiliated corporations and all of their past, present and future

Page **2** of **5**

officers, directors, agents, employees, shareholders and attorneys (the "Beneficiaries") from any and all causes of action, claims and demands for minimum wages, overtime wages, liquidated damages, non-payment of wages, untimely payment of wages, meal or rest periods, paid and unpaid time off, penalties and any other pay practices of any kind related to the wage and hour claims that were or could have been brought by a Plaintiffs in these proceedings against the Company and/or Beneficiaries whether based upon federal, state, local, constitutional, statutory, or common law, or any other law, rule, or regulation, including but not limited to, claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* and West Virginia Code § 21-5C-1, *et seq.* Excluded from the release are any claims which cannot be waived by law, including the right to file a charge with or participate in an investigation conducted by any federal, state, or local government agency.  Plaintiffs are waiving, however, their right to any monetary recovery or other relief should any government agency pursue any claims on their behalf.

> 3.1.    This Release specifically and without limitation includes, to the fullest extent permitted by law, a release of any claims for unpaid wages, unpaid overtime, or any other wage and hour violations, whether known or unknown, suspected or unsuspected, presently existing or resulting from or attributable to any act or omission of the Company or the Beneficiaries occurring prior to the execution of this Agreement.

> 3.2.    Plaintiffs represent and acknowledge that the Settlement Amount identified herein constitutes payment in full for all of their claims under the Fair Labor Standards Act at 29 U.S.C. §§ 201, *et seq.* and West Virginia state law, including claims for minimum wages, overtime pay, liquidated damages, and attorney's fees and costs. By signing this agreement, Plaintiffs represent and acknowledge that upon receipt of the Settlement Amount they have been paid in full for any and all wages of any kind and any amount owed by the Company.

4.    <u>Non-Admission</u>.  This Agreement is not to be construed as an admission of liability or wrongdoing on the part of Plaintiffs or the Company.  Except to the extent necessary to enforce this Agreement or as otherwise required by law, it is further agreed between the parties that neither this Agreement nor any part thereof is to be used or admitted into evidence in any proceeding of any character, judicial or otherwise, now pending or otherwise instituted.

5.    <u>Non-Cooperation</u>.  Plaintiffs agree that they will not cooperate with, aid, assist, or encourage in any way, any other person to pursue any legal claims, charges, or lawsuits against the Company, including without limitation, current and former employees of the Company. Plaintiffs may cooperate only if they are compelled to testify under oath pursuant to a lawfully issued subpoena or other similar legal process, written notice of which Plaintiffs shall provide within five (5) days of its receipt or three (3) days prior to giving any such testimony, whichever occurs first, to Adam J. Rocco, Vorys, Sater, Seymour and Pease LLP, 52 E. Gay St. Columbus, Ohio 43215.  Plaintiffs agree that their cooperation under the circumstances set forth herein shall be in a manner no more extensive than required.  Plaintiffs may, without violating any portion of this Agreement, after notification to Mr. Rocco as stated above, do the following: (1) inform others that they cannot give testimony or otherwise cooperate in a claim against the Company unless they are served with a subpoena; (2) if subpoenaed, appear to give testimony and answer the questions they are asked; and (3) discuss facts known to them.

5.1. Nothing in this section or any other provision shall be construed to prohibit Plaintiffs from filing a charge with or participating in any investigation or proceeding conducted by the U.S. Equal Employment Opportunity Commission or a comparable state or local agency.  Further, nothing in this section or any other provision of this Agreement shall be construed or enforced in a manner that would prevent Plaintiffs from testifying truthfully under oath in any court, arbitration, or administrative agency proceeding, or from filing a charge or providing truthful information in the course of a government investigation.

6.      <u>Governing Law</u>.  This Agreement shall be governed by and interpreted in accordance with the laws of the State of West Virginia.

7.      <u>Choice of Forum</u>.  The parties to this Agreement agree that jurisdiction for any action filed to enforce this Agreement or any provision hereof, or any action which involves interpretation of this Agreement or any provision hereof, shall be proper only in state or federal court located in Charleston, West Virginia.

8.      <u>No Waiver of Terms</u>.  Failure to insist upon strict compliance with any of the terms, covenants, or conditions of this Agreement shall not be deemed a waiver of any such term, covenant, or condition, nor shall any failure at any one time or more times be deemed a waiver or relinquishment at any other time or times of any right under the terms, covenants, or conditions hereof.

9.      <u>Enforceability</u>.  This Agreement shall be construed and interpreted so as to be enforceable to the fullest extent permitted by law.  If any provision of this Agreement shall be determined to be unlawful, improper, or unenforceable for any reason in any jurisdiction, such unenforceability shall not affect its validity or enforceability in any other jurisdiction, nor shall it affect the validity or enforceability of any other provision hereof.

10.      <u>Modifications</u>.  No modification or amendment of this Agreement shall be effective unless the same be in a writing duly executed by all the parties hereto.

11.      <u>Entire Agreement</u>.  This Agreement sets forth the entire Agreement between Plaintiffs and the Company and supersedes and replaces any and all prior or contemporaneous representations or agreements, whether oral or written, relating to the subject matter herein.

12.      <u>Execution</u>.  This Agreement may be executed in one or more counterparts, each of which shall constitute an original, and all of which shall constitute a single memorandum.

13.      <u>Language</u>.  Plaintiffs represents that their attorney have explained the terms of this agreement to them in a language they understand and further represent that they understand their rights, duties and obligations under this Agreement.

14.      <u>Voluntary Acts</u>.  PLAINTIFFS HEREBY ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ AND UNDERSTAND THE TERMS OF THIS AGREEMENT, THAT THEY HAVE BEEN ADVISED AND ENCOURAGED TO CONSULT WITH AN ATTORNEY OF THEIR CHOOSING, IF DESIRED, HAVE RECEIVED ALL THE ADVICE

THEY DEEMS NECESSARY CONCERNING THIS AGREEMENT, AND THAT THEY HAVE CHOSEN TO ENTER INTO THIS AGREEMENT FREELY, KNOWINGLY, AND VOLUNTARILY.

Dated: _____        _____
                                Aranda Jarvis

Dated: _____        _____
                                Lora Jarvis

Dated: _____        _____
                                Dylan Jarvis

Dated: _____        _____
                                Alicia Rader

Dated: _____        _____
                                Melissa Taylor

Dated: _____        Bob Evans Farms, LLC

                                By: _____

                                Its: _____

Page **5** of **5**

3/12/2018 29432699 V.2